**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Debbie I. Glaude

    v.                                    Civil No. 07-cv-137-PB

Jeffrey L. Glaude

**REPORT AND RECOMMENDATION**

Before the Court is Debbie Glaude's complaint against her husband (document no. 1). Because Ms. Glaude is proceeding pro se and in forma pauperis, the matter is before me for preliminary review to determine, among other things, whether the complaint states any claim upon which relief might be granted. See United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(1)(B). As fully explained herein, I recommend that the complaint be dismissed.

Standard of Review

Under this Court's local rules, when a plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review. LR 4.3(d)(1)(B). In conducting the preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded. See Erickson v.

Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings liberally in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  See Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and an unnecessary dismissals of claims); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).  All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true.  See id. This review ensures that pro se pleadings are given fair and meaningful consideration.  Applying this standard, I find the facts as follows.

## Background

Debbie Glaude married Jeffrey Glaude on November 25, 2005. Plaintiff alleges that her husband joined the armed forces in November of 2005.[1]  Plaintiff claims that defendant has abandoned

---

[1]Glaude has filed a second complaint in this Court against the United States Army arising out of the same concerns she

and neglected her, and subjected her to mental and emotional abuse. Among other things, defendant has refused to send her money to live on, falsely claiming that he couldn't afford it. Further, plaintiff seems to claim that defendant's abandonment of her had something to do with a relationship defendant has with another woman that began on their honeymoon.

Plaintiff claims that, as the wife of a service member, she is entitled to certain benefits that she is not receiving, including, among other things, separation pay, hardship pay, and hazard pay. Plaintiff asserts that defendant has an obligation to assist her in obtaining these benefits, and to support her financially, but that he has failed to do so. Plaintiff seeks pay and military benefits, mental health evaluations for her husband, family and marital counseling for her husband, rent and back pay, and $500,000 in monetary damages.

---

attempts to address in this matter. See Glaude v. U.S. Army, Civ. No. 07-cv-138-SM. The facts alleged in that action cast doubt on plaintiff's assertion here that her husband joined the armed forces in November of 2005. Because the date upon which the defendant joined the military is immaterial to my recommendation in this matter, I will not attempt to resolve the inconsistency.

Discussion

I.  Diversity Jurisdiction

Federal courts are courts of limited jurisdiction. Exxon Mobil Corp. v. Allapattah Servs., 545 U.S. 546, 552 (2005) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). The presumption is that a federal court lacks jurisdiction. Kokkonen, 511 U.S. at 377. Consequently, the burden is on the plaintiff who claims jurisdiction to affirmatively allege and prove jurisdiction. Id. To bring a civil action within the court's subject matter jurisdiction, a plaintiff must allege that his action involves either a federal question or diversity jurisdiction. See 28 U.S.C. §§ 1331 & 1332. If it appears that the court lacks subject matter jurisdiction over the matter, the court is required to dismiss the action. Fed. R. Civ. P. 12(h)(3).

Although plaintiff's complaint states that the case is a "federal matter," the allegations set forth therein do not raise any discernible issue of federal law. Rather, plaintiff asserts that Jeffrey Glaude has violated his duty, imposed by State law, to support her, in that he has deprived her of financial resources to which she is entitled by abandoning her, both by not

4

supporting her financially, and also by failing to assist her in receiving spousal pay and benefits to which she is entitled by virtue of her status as the wife of a member of the military.  To proceed in this case on her State law claim, plaintiff must invoke this Court's diversity jurisdiction.  To do that, plaintiff must allege that she and defendant are citizens of different States, and that the case involves an amount in controversy in excess of $75,000.  See 28 U.S.C. § 1332(a) & (b).  Here, plaintiff has alleged that she is a resident of New Hampshire and that, at least at the time of filing, her husband was in Colorado.  Plaintiff has also claimed $500,000 in damages, well in excess of the statutory requirement.  Accordingly, I find that this action arises, if at all, under the diversity jurisdiction of this Court.

II.  Domestic Relations Exception

Federal courts traditionally apply the law of the forum state to resolve matters that come before them by way of diversity jurisdiction.  Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938).  As the Supreme Court has recently affirmed, a long-standing exception to the exercise of diversity jurisdiction by a federal court exists, however, where the state law question

arises in the area of domestic relations.  See <u>Elk Grove Unified Sch. Dist. v. Newdow</u>, 542 U.S. 1, 12 (2004) (quoting <u>In re Burrus</u>, 136 U.S. 586-593-94 (1890)) ("'The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States.'").  This jurisdictional bar specifically prevents federal courts from issuing "divorce, alimony, and child custody decrees."  <u>Ankenbrandt v. Richards</u>, 504 U.S. 689, 703 (1992).  The <u>Elk Grove</u> Court expanded this prohibition, however, finding that:

> it might be appropriate for the federal courts to decline to hear a case involving 'elements of the domestic relationship,' even when divorce, alimony, or child custody is not strictly at issue: 'This would be so when a case presents difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar.  Such might well be the case if a federal suit were filed prior to effectuation of a divorce, alimony, or child custody decree, and the suit depended on a determination of the status of the parties.

542 U.S. at 13 (citing <u>Ankenbrandt</u>, 504 U.S. at 705-706 (internal citations omitted)).  It may also be that the "domestic relations" exception governs claims based on family relations even where those claims are "cloaked in the 'trappings' of

6

another type of claim." Rago v. Samaroo, 344 F. Supp. 2d 309, 314 (D. Mass. 2004) (quoting Mandel v. Town of Orleans, 326 F.3d 267, 271 (1st Cir. 2003)) and citing Congleton v. Holy Cross Child Placement Agency, Inc., 919 F.2d 1077, 1079 (5th Cir. 1990) (domestic relations exception applies if hearing the claim will necessitate the court's involvement in domestic issues by requiring inquiry into the marital or parent-child relationship)).  It is appropriate for federal courts to leave resolution of domestic relations issues to the State, absent circumstances requiring that a substantial federal question transcends the family relations issue in a particular case.  Elk Grove, 542 U.S. at 13.  No substantial federal question has been alleged in the complaint here.  Whether or not defendant has an affirmative duty to support the plaintiff, or assist her in obtaining money and benefits to which she is entitled, is a matter of State law appropriately left to the State courts to resolve.  See N.H. Rev. Stat. Ann. 546-A:2.[2]  The defendant's

---

[2]N.H. Rev. Stat. Ann. ("RSA")546-A:2 states that:

> Every person whose income or other resources are more than sufficient to provide for his or her reasonable subsistence compatible with decency or health owes a duty to support or contribute to the support of his or her wife, husband, child, father or mother when in need.

status as a member of the armed forces does not automatically turn plaintiff's State domestic relations claim into a question of federal law.[3]  I find, therefore, that this action falls easily into the domestic relations exception to this Court's diversity jurisdiction.

## Conclusion

Even liberally construing the complaint, I can find no basis for this Court's jurisdiction over this matter.  Accordingly, I recommend that this matter be dismissed for lack of subject matter jurisdiction.  Any objections to this report and recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See

---

This duty applies to New Hampshire residents.  RSA 546-A:3.  If defendant here is a resident of Colorado, that State imposes a similar obligation on its residents.  See Dietiker v. Indus. Claim Appeals Office, 867 P.2d 171, 173 (Colo. 1993) (referring to Colorado statutory and common law sources of obligation to support one's spouse).

[3] In fact, defendant's status as an active duty serviceman may limit plaintiff's ability to pursue this action against him at this time.  If this Court did have jurisdiction over this matter, I would likely recommend that the Servicemembers Civil Relief Act, 50 App. U.S.C.A. § 501, et seq., be applied to stay this action while defendant is actively serving in the military. See 50 App. U.S.C.A. § 510 (providing for the suspension of enforcement of civil liabilities against members of the United States armed forces currently serving in the military).

Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

/s/ James R. Muirhead
James R. Muirhead
United States Magistrate Judge

Date: October 11, 2007

cc: Debbie I. Glaude, pro se